<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EULOGIO C. BRADLEY,<br><br>     Plaintiff,<br><br>  v.<br><br>ROBIN KAY LORD, *et al.*,<br><br>     Defendants. | Civil Action No. 23-03955 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

  This matter comes before the Court upon three motions: *first*, Defendants Clifford D. Bidlingmaier, III, Esq., Bidlingmaier & Bidlingmaier, P.C., Robin Kay Lord, Esq., and the Law Offices of Robin Kay Lord, LLC, Kardos Rickles, Hand and Bidlingmaier, and the Estate of Robert Highsmith's (the "Non-State Defendants") motion to dismiss *pro se* Plaintiff Eulogio C. Bradley's Complaint under Federal Rules of Civil Procedure (Rules) 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7) (ECF No. 5); *second*, Bradley's motion for summary judgment under Rule 56 (ECF No. 7); and *third*, the Superior Court of New Jersey, Mercer Vicinage, and Michelle Smith's (the "State-Court Defendants") motion to dismiss Bradley's Complaint under Rule 12(b)(6) (ECF No. 18).  Following briefing by the parties, the Court carefully considered the parties' submissions and decides the motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Non-State Defendants' motion is **GRANTED**, the State-Court Defendants' motion is **GRANTED**, and Bradley's motion is **DENIED** as moot.

I.  **BACKGROUND**

This case arises from the outcome of a wrongful-death civil action brought against Bradley in the Superior Court of New Jersey, Mercer County, captioned *Estate of Robert G. Highsmith v. Candlelight Lounge, Inc., et al.*, Docket No. MER-L-114-16.[1]

A.  **State Court Action**

On February 17, 2017, the Superior Court granted the state-court plaintiff leave to file an amended complaint naming Bradley as a defendant in the wrongful-death civil action. (*Estate of Robert G. Highsmith*, Docket No. MER-L-114-16 (the "State Court Action"), Trans. ID: LCV2017180994.) On February 28, the amended complaint was filed, and on April 4, Bradley was served with that summons and complaint. (*Id.*, Trans ID: LCV2017181004.)[2] On September 20, Bradley, through his counsel, answered the amended complaint. (*Id.*, Trans ID: LCV2017229907.)

On October 4, 2019, the Superior Court entered an order of voluntary dismissal, reciting that the parties had agreed to proceed to binding arbitration. (*Id.*, Trans ID: LCV20191810474.) On September 27, 2021, the parties conducted arbitration, and on October 19, the arbitrator awarded the state-court plaintiff $270,000.00 in damages for the share of liability not attributable to the decedent. (*Id.*, Trans ID: LCV20212563653; *id.*, Trans ID: LCV2022635892.)

---

[1]  The Court takes judicial notice of the Superior Court docket sheet. *See Efofex, Inc. v. Realhub Inc.*, Civ. No. 21-8454, 2023 WL 3901575, at *2 n.3 (D.N.J. June 8, 2023) ("[A] court may take judicial notice of public records." (quoting *Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013))); *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[J]udicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993))).

[2]  (*See also* ECF No. 1 ¶¶ 14, 16-17, 19 (alleging that Bradley was served with the summons and complaint).)

On February 10, 2022, the Superior Court entered final judgment in favor of the state-court plaintiff and against Bradley for the arbitration award plus interest. (*Id.*, Trans ID: LCV2022635892.)

On November 17, 2023, Bradley moved to vacate the judgment and the state-court plaintiff's writ of execution. (*Id.*, Trans ID: LCV20233479581.) On January 16, 2024, following briefing by the parties, the Superior Court denied Bradley's motion. (*Id.*, Trans ID: LCV2024129989.)

### B. District Court Action

On July 25, 2023, Bradley filed this federal action against the Non-State Defendants and State-Court Defendants. (ECF No. 1.) Bradley's claims for relief are "Rules of Evidence," "18 USC 1001," "4th Amendment to the US Constitution 42 USC 1983," and "Due Process, 5th & 14th Amendments to the US Constitution," and his prayer for relief states, "An injunction to vacate all aspects of Defendants . . . Amendment to Complaint ORDER dated 2/17/2017, any and all Claims, Orders and Judgments, including any future collections on said Judgment," along with related damages, fees, and costs. (ECF No. 1 at 11-15 (emphasis omitted).[3])

## II. LEGAL STANDARD

### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

---

[3] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Rule 12(b)(1) also encompasses dismissals for "lack of jurisdiction due to Eleventh Amendment immunity." *Nemeth v. Office of the Clerk of the N.J. Superior Court*, Civ. No. 19-16809, 2020 WL 2537754, at *2 (D.N.J. May 19, 2020). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Once

4

a challenge to jurisdiction is raised under Rule 12(b)(1), the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

### B. Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

#### A. Sovereign Immunity

The Eleventh Amendment to the United States Constitution bars not only suits against states themselves, "but also suits for damages against 'arms of the State' — entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the 'real, substantial party in interest.'" *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (citation omitted). "Eleventh Amendment immunity . . . is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) . . . suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *see also Kongtcheu v. Constable*, Civ. No. 12-6872, 2016 WL 270075, at *5 (D.N.J. Jan. 20, 2016) (same).

The State-Court Defendants are entitled to Eleventh Amendment sovereign immunity. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[S]tate courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 927 (3d Cir. 2020) ("The Office of the Clerk of the Superior Court is a component of a state court, established by the New Jersey Constitution in a unified state-based court system and is entitled to immunity under the Eleventh Amendment as an 'arm' of the state." (internal citations omitted)).

Nothing in the record suggests that an exception applies. The record includes no allegation or indication that the State-Court Defendants consented to suit. Nor has Bradley shown that Congress authorized Bradley's claims against the State-Court Defendants. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (noting that in passing 42 U.S.C. § 1983 Congress

6

had no intention to disturb the States' Eleventh Amendment immunity). And Bradley has not shown that his claim against the Clerk of the Superior Court, Michelle Smith, even if he had brought it against her in her individual capacity, entitles him to prospective injunctive and declaratory relief that could trigger the third exception to sovereign immunity. *See Nemeth*, 837 F. App'x at 927-28 (finding that a request for relief from a state court judgment was not prospective where "specific allegations target past conduct, and the [requested] remedy is not intended to halt a present, continuing violation of federal law" (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996))).

Since Bradley has not alleged, much less established, that an exception to sovereign immunity applies, his claims against the State-Court Defendants are dismissed.

**B.**     ***Rooker-Feldman***

The Complaint makes clear that Bradley is looking to relitigate his defense in the state-court action that ended in a final judgment against Bradley. The *Rooker-Feldman* doctrine bars any such attempt to use a federal trial court as a court of appeals from state-court judgments. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Archie v. Mercer Cnty. Courthouse*, Civ. No. 19-20976, 2022 WL 2980986, at *4 (D.N.J. July 28, 2022) (collecting cases).

A federal district court does not sit in review of state-court judgments. *Rooker-Feldman* thus operates to prevent a litigant in a state-court action from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See B.S. v. Somerset Cnty.*, 704 F.3d 250 (3d Cir. 2013). In other words, *Rooker-Feldman* bars cases brought by state-court litigants "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

7

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original).

All of these prerequisites appear in the Complaint. *First*, the state-court action ended in a final judgment against Bradley (State Court Action, Trans ID: LCV2022635892); *second*, Bradley now complains of injuries caused by the Superior Court's rejection of his defenses and entry of final judgment against him (*see* ECF No. 1 ¶¶ 14-20, 25); *third*, Bradley filed this action in July 2023, nearly one and a half years after the entry of final judgment in February 2022, and nearly six and a half years after the Superior Court allowed the state-court plaintiff to add Bradley as a defendant in February 2017 (State Court Action, Trans. ID: LCV2017180994); and *fourth*, Bradley asks this Court to find that the Superior Court's final judgment violated his constitutional rights and vacate that judgment (ECF No. 1 ¶ 26). Indeed, determining whether Bradley's rights were violated would require the Court to assess whether final judgment was properly entered or whether the Superior Court should have allowed Bradley to be added as a defendant.

Under *Rooker-Feldman,* lower federal courts cannot entertain federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision. *See Guarino v. Larsen,* 11 F.3d 1151, 1156-57 (3d Cir. 1993); *Port Auth. Police Benev. Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The first alternative, actual adjudication, requires little explication. As for the second, a federal claim is "inextricably intertwined" with a prior state-court decision if granting "the relief requested in the federal action requires determining

8

that the state court decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citation omitted). In the context of "inextricably intertwined" claims, the Court must apply *Rooker-Feldman* with caution. The doctrine does not operate to preclude all claims that are related to the state-court judgment; it applies only to claims that were the basis of, or injuries allegedly caused by, the state-court judgment. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016) (citing *Great W. Mining*, 615 F.3d at 166). To the extent that the federal action presents "some independent claim" — that is, one that does not implicate the validity of the state-court judgment — the doctrine does not apply. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547-48 (3d Cir. 2006) (quoting *Saudi Basic Industries*, 544 U.S. at 292).

Bradley's claims were adjudicated in the state-court action and are "inextricably intertwined" with the Superior Court's final judgment. Bradley chiefly attacks the Superior Court's decision to allow the state-court plaintiff to add Bradley as a defendant. (ECF No. 1 ¶ 17.) He reasserts his defense that he has never owned the defendant entity and therefore should not be liable to the decedent's estate. (ECF No. 1 ¶¶ 15, 18.) He also asserts that Defendants "suppress[ed] evidence" and that "Highsmith smuggled into the premises to avoid the doctrine of comparative negligence." (ECF No. 1 ¶ 20.) But "[w]here a party asserts that his adversary should not have won, or that the presiding judge erred, the proper recourse is to file an appeal within the State court system—not to sue the adversary again." *Del Priore v. Sabo*, Civ. No. 19-17806, 2020 WL 1485895, at *6 (D.N.J. Mar. 27, 2020).

As the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction over Bradley's claims, Bradley's Complaint must be dismissed. His motion for summary judgment is therefore denied as moot.

9

## IV.   CONCLUSION

For the reasons set forth above, the Non-State Defendants' motion to dismiss (ECF No. 5) is **GRANTED**, the State-Court Defendants' motion to dismiss (ECF No. 18) is **GRANTED**, and Bradley's motion for summary judgment (ECF No. 7) is **DENIED** as moot. An appropriate Order follows.

Dated: March 11, 2024

/s/ Georgette Castner
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**